# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 51520-2-II |
| FRANCISCO AMEZCUA-PICAZO, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, J. — Francisco Amezcua-Picazo seeks relief from unlawful restraint, arguing he is entitled to resentencing because he was 20 years old at the time he committed his offenses and the sentencing court failed to meaningfully consider his youth at sentencing. However, Amezcua-Picazo's petition is time barred. Accordingly, we dismiss Amezcua-Picazo's petition.

## FACTS

A jury found Amezcua-Picazo guilty of two counts of first degree assault. Amezcua-Picazo was 20 years old at the time he committed the offenses. Both charges included firearm sentencing enhancements. As required by RCW 9.94A.589(1)(b), the trial court ordered that Amezcua-Picazo's standard range sentences for the first degree assault convictions be served consecutively because both were serious violent offenses. And, as required by RCW 9.94A.533, the firearm sentencing enhancements were ordered to be served consecutively. Amezcua-Picazo was sentenced to a total of 360 months' confinement. After we affirmed on appeal, Amezcua-Picazo's judgment and sentence was mandated on July 27, 2010.

On February 14, 2018, Amezcua-Picazo filed a CrR 7.8 motion requesting resentencing, arguing that "he deserves an opportunity to have the court meaningfully consider whether his age and youthfulness . . . justifies an exceptional sentence below the standard range." Personal

Restraint Petition (PRP) at 3. The superior court found that Amezcua-Picazo's CrR 7.8 motion was time barred and transferred the motion to this court for consideration as a PRP.

ANALYSIS

The State argues that we should dismiss Amezcua-Picazo's PRP because it is time barred. Amezcua-Picazo argues that his PRP is timely under the RCW 10.73.100(6)[1] exception to the time bar because *Houston-Sconiers*[2] was a significant change in the law that applies to his case through *In re Pers. Restraint of Monschke*.[3] We disagree.

Under RCW 10.73.090, a PRP must be filed within one year of a judgment and sentence becoming a final. Amezcua-Picazo's judgment and sentence became final on July 27, 2010, when the mandate was issued. RCW 10.73.090(3)(b). Therefore, Amezcua-Picazo's PRP is time barred unless he shows his judgment and sentence is invalid on its face or his petition meets one of the exceptions in RCW 10.73.100. Amezcua-Picazo does not present any argument establishing his judgment and sentence is invalid on its face.

There are six exceptions to the time bar under RCW 10.73.100. Amezcua-Picazo relies on RCW 10.73.100(6):

> There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied

---

[1] In his reply brief, Amezcua-Picazo also argues that the exception in RCW 10.73.100(2) applies because the sentencing statutes are unconstitutional on their face as applied to youthful offenders. However, arguments raised for the first time in a reply brief are too late to warrant consideration. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.3d 549 (1992). Accordingly, we decline to address Amezcua-Picazo's argument that his petition is not time barred under RCW 10.73.100(2).

[2] *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017).

[3] *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021) (plurality opinion).

retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

In *Houston-Sconiers*, our Supreme Court held that when sentencing juveniles, the Eighth Amendment of the United States Constitution requires courts to consider the "'hallmark features'" of youth and have discretion to impose a sentence below the standard range. 188 Wn.2d at 23 (quoting *Miller v. Alabama*, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)). Since deciding *Houston-Sconiers*, our Supreme Court has held that the requirement that courts sentencing juvenile offenders as adults consider youthfulness and have discretion to depart from mandatory sentencing requirements was a significant change in the law that must be applied retroactively. *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233-34, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021).

Although both *Houston-Sconiers* and *Ali* apply to juvenile offenders being sentenced as adults, Amezcua-Picazo argues that our Supreme Court's holding in *Houston-Sconiers* was extended to youthful offenders in the lead opinion in *Monschke.* However, our Supreme Court recently clarified that, "[e]ven if *Monschke*'s lead opinion could be read as announcing a holding of this court," *Monschke* is only material to mandatory life without parole sentences imposed under the aggravated murder statute. *In re Pers. Restraint of Kennedy*, ___ Wn.2d ___, 513 P.3d 769, 780 (2022).

Here, Amezcua-Picazo was not a juvenile at the time of either his crime or his sentencing. Because Amezcua-Picazo was not a juvenile, the superior court was not required to consider the mitigating qualities of youth at sentencing under *Houston-Sconiers*; therefore, *Houston-Sconiers* is not material to Amezcua-Picazo's sentence. And because Amezcua-Picazo did not receive a mandatory life sentence without the possibility of parole under the aggravated murder statute, the

lead opinion in *Monschke* also is not material to his sentence. Rather, at best, Amezcua-Picazo would only have been able to request a mitigated exceptional sentence below the standard range based on his youthfulness under *O'Dell*. *State v. O'Dell*, 183 Wn.2d 680, 696, 358 P.3d 359 (2015) (holding that a trial court may consider youth as a mitigating factor to justify an exceptional sentence below the standard range). But our Supreme Court has held that *O'Dell* was not a significant change in the law. *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 338, 422 P.3d 444 (2018).

Amezcua-Picazo has failed to show that his PRP is based on a significant change in the law that is material to his case and applies retroactively as required by RCW 10.73.100(6). Therefore, Amezcua-Picazo's PRP is time barred under RCW 10.73.090. Because Amezcua-Picazo's PRP is time barred, it must be dismissed.

We dismiss Amezcua-Picazo's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, C.J.

Veljacic, J.